**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 2 7 2021

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TACHANY C. EVANS                                            PLAINTIFF

V.                              NO.:4:21-CV- 671 - LPR

LOUIS DEJOY, POSTMASTER GENERAL
UNITED STATES POSTAL SERVICE, AGENCY                        DEFENDANT

## COMPLAINT

Comes now the Plaintiff, Tachany C. Evans, by and through undersigned counsel, and for her Complaint, states:

I.

## JURISDICTION

1.    This suit is instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Opportunity Act of 1972, 42 U.S.C. §2000e et seq, and the Civil Rights Act of 1991. Relief is sought pursuant to this act as well as 42 U.S.C. §1981 and 42 U.S.C. §1988 and all statutes mandating punitive, compensatory, liquidated and declarative damages.    Relief is also sought under the Arkansas Civil Rights Act and common law for wrongful termination.    These claims are pendent to the claims for relief aforementioned and therefore this Court would have jurisdiction.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343.

This case assigned to District Judge Rudofsky
and to Magistrate Judge Harris

1

II.

**PARTIES**

2.    Plaintiff, Tachany C. Evans, is an African-American female citizen of the United States who resides in Pope County, Arkansas.

3.    The Defendant, Louis Dejoy, is the Postmaster General of the United States Postal Service, Agency. (hereinafter referred to as "USPS"), that is an independent agency of the Executive Branch of the United States federal government responsible for providing postal service in the United States.   The Defendant, USPS, is an employer within the meaning of 42 U.S.C. §2000, et seq.

III.

**STATEMENT OF THE CASE**

4.    Plaintiff, Tachany C. Evans, began her employment with the Defendant, the USPS in Perryville, Arkansas on January 24, 2015. She was employed until May 24, 2015 as a Rural Carrier Associate.   Plaintiff applied for a PSE Sales and Distribution Clerk position with the Morrilton, Arkansas USPS in April, 2015. Plaintiff was hired and officially placed into the position on May 30, 2015. Plaintiff's duties included scanning packages, casing mail, collecting money from customer, processing money orders, 1412 close out end day business, and providing customer service as needed.

2

5.    On   June   3,   2015   Plaintiff   started   working   in   the Jerusalem Post Office. Plaintiff had no formal training for this position, worked alone with no supervision and was performing her job well.    It was a violation of Postal Policy for Plaintiff to work alone without supervision.

6.    On   June   22,   2015   through   June   25,   2015   Plaintiff attended PSE/Clerk training.    Plaintiff successfully passed all courses.

7.    On July 3, 2015, Plaintiff was notified by her immediate supervisor, Mary Loveland, that she was being terminated because she could not be trusted.

8.    On July 7, 2015, Plaintiff was terminated.

9.    On October 16, 2015, Complainant filed a formal EEO complaint alleging that the Agency discriminated against her on the bases of race (African-American), spouse of veteran with disabilities, age (40), and in reprisal for prior protected EEO activity   (unspecified)   when   on   July   7,   2015,   Complainant's employment   was   terminated;   and   on   various   dates   thereafter, Complainant was denied re-employment.

10.   Plaintiff filed a Charge of Discrimination against the Defendant with the Equal Employment Opportunity Commission (EEOC). On or about April 28, 2021, the EEOC mailed notice of its decision giving Plaintiff the right to file a civil action. (See Exhibit "A")

## FIRST CAUSE:   EMPLOYMENT DISCRIMINATION

11.   Plaintiff was terminated because of her race (African-American), spouse of veteran with disabilities, and age forty (40).   The proffered reasons for Plaintiff's termination given by Defendant were pretextual.   Defendant has changed reasons why Plaintiff was given several reasons for her termination.   These reasons include:

a.   failure to meet minimum conduct standards for the position of PSE Sales and Service Distribution Associate during the probationary period.

b. fraudulent use of a credit card

c. cash drawer shortage and loss of postal funds

d. tardiness

e. falsification of time card, and performance concerns

f. separation for cause

12.   Plaintiff's supervisor was Mary Loveland, a White-American female.

13.   The aforesaid conduct of the defendant offends the original purpose of Title VII and other equal rights statutes.

14.   The aforesaid conduct also violates the Arkansas Civil Rights Act.

15.   Plaintiff was hired by the several other USPS offices and each job offer were rescinded.

## SECOND CAUSE:   RETALIATION

16.   Plaintiff engaged in protected EEO activity.

17.   It is against public policy for a person to be discriminated against because an individual engaged in protected activity.

18.   Plaintiff was performing her job and was terminated. After being terminated, Plaintiff was continually denied employment because she had engaged in protected EEO activity.

19.   Following her removal from the Post Office in Jerusalem, Plaintiff applied for similar Arkansas vacancies at Wesley, Vilonia, Ratcliff, and Branch in Arkansas. Plaintiff also applied for an entry-level vacancy Greenville, South Carolina.

20.   The Agency officials that considered Plaintiff's applications after her termination failed to provide legitimate and nondiscriminatory reasons for declining to select Plaintiff to fill available vacancies. Plaintiff was not selected in retaliation for engaging in protected EEO activity.

## THIRD CAUSE:   WRONGFUL TERMINATION

21.   Plaintiff's discharge was wrongful.

22.   Plaintiff discharge was only because Supervisor Mary Loveland felt threatened by Evans' questioning of non-traditional and illegal day to day postal operations and practices.

23. It is against public policy for a person to be discriminated against because of their race, age, disability and in retaliation for engaging in protected EEO activity.

24. Plaintiff was performing her job and was terminated in violation of public policy.

## DAMAGES

25. Plaintiff has been damaged by the Defendant's treatment and is entitled to compensation. Plaintiff has no other legal recourse except this suit for equitable relief and damages. Plaintiff is entitled to back pay, re-instatement, re-instatement of benefits, compensatory damages, damages for pain and suffering, mental anguish and punitive damages.

Wherefore, all premises considered, Plaintiff prays relief as follows:

1. A preliminary and permanent injunction preventing the defendant, its agents, successors, employees, and those acting in concert with Defendant and under its direction, from engaging in such intentional, discriminatory policies and practices complained of herein;

2. A declaratory judgment that the actions of the Defendant complained of herein violated their rights guaranteed by 42 U.S.C. §2000(e) et. seq.;

3.    Back pay, retroactive seniority rights, any promotions, or incentive pay, and all other benefits that they would have enjoyed had they not been discharged;

4.    Costs of this action including awards of reasonable attorney's fees and all other costs to which they are entitled;

5.    Compensatory damages for pain and suffering and mental anguish; and

6.    Plaintiff demands a jury trial.

7.    All other relief to which he is entitled.

                                   Respectfully submitted,

                                   **Tachany C. Evans,**
                                   **Plaintiff**

                                   /s/ Willard Proctor, Jr.
                                   Willard Proctor, Jr.
                                   Attorney for Plaintiff
                                   2500 South State Street
                                   Little Rock, AR   72206
                                   (501) 378-7720
                                   (501) 325-4959 - Facsimile
                                   Arkansas Bar No.:   87136
                                   willard@wpjrlaw.com

7



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Tachany C. Evans, a/k/a
Maxine S.,[1]
Complainant,

v.

Louis DeJoy,
Postmaster General,
United States Postal Service
(Southern Area),
Agency.

Appeal No. 2020004706

Hearing No. 490-2016-00084X

Agency No. 4G-720-0073-15

## DECISION

On August 25, 2020, Complainant filed an appeal with the Equal Employment Opportunity Commission (EEOC or Commission), pursuant to 29 C.F.R. § 1614.403(a), from the Agency's August 18, 2020, final order concerning an equal employment opportunity (EEO) complaint claiming employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq., Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq., and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq.

## BACKGROUND

During the period at issue, Complainant worked as a Postal Service Employee / Sales Services and Distribution Associate (PSE SSDA), Grade 6, at the Agency's remotely managed Post Office in Jerusalem, Arkansas.

On October 16, 2015, Complainant filed a formal EEO complaint alleging that the Agency discriminated against her on the bases of race (African-American), spouse of veteran with disabilities, age (40), and in reprisal for prior protected EEO activity (unspecified} when:

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                        2020004706

1. On July 7, 2015, Complainant's employment was terminated; and

2. On various dates thereafter, Complainant was denied re-employment.

After an investigation, the Agency provided Complainant with a copy of the report of investigation and notice of her right to request a hearing before EEOC Administrative Judge (AJ). Complainant timely requested a hearing. Over Complainant's objections, the AJ assigned to the case granted the Agency's July 19, 2016 motion for a decision without a hearing and issued a decision by summary judgement on August 2, 2020. The Agency subsequently issued a final order adopting the AJ's finding of no discrimination.

The instant appeal followed. On appeal and through Counsel, Complainant argues that the Agency's reasons were pretextual and that the evidence of record contained factual disputes that merited a hearing. Complainant's Counsel asserts that Complainant had received conflicting instructions from her immediate supervisor and area management regarding her permissible use of an Agency-issued government travel card (GTC) while attending initial training for her position. According to Complainant, her immediate supervisor told her the GTC could only be used for lodging. When Complainant inquired for further clarification, an Agency human resources manager advised her to use the GTC for lodging and meals. Complainant maintained that the Agency's regulations were less restrictive and allowed Complainant to use the GTC for meals, lodging and expenses incidental to business travel. Counsel for Complainant also challenges the Agency's inconsistency in describing its reasons for her termination and non-selections. Complainant argues that the Agency provided different justifications for terminating Complainant and thereafter rejecting her applications to be rehired. Complainant stated the Agency's explanations varied from improper GTC, to falsified time and attendance records, and cash-accounting irregularities. Finally, Complainant attacked the legitimacy of her termination because the Agency had neglected to follow its own regulations in processing her removal.

## ANALYSIS AND FINDINGS

In rendering this appellate decision, we must scrutinize both the AJ's legal and factual conclusions, and the Agency's final order adopting them, *de novo*. 29 C.F.R. § 1614.405(a) (stating that a "decision on an appeal from an Agency's final action shall be based on a *de novo* review . . ."); also EEO Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Ch. 9, § VI.B. (Aug. 5, 2015) (providing that an administrative judge's determination to issue a decision without a hearing, and the decision itself, will both be reviewed *de novo*). This essentially means that we should look at this case with fresh eyes. In other words, we are free to accept (if accurate) or reject (if erroneous) the AJ's and the Agency's, factual conclusions and legal analysis – including on the ultimate fact of whether intentional discrimination occurred, and on the legal issue of whether any federal employment discrimination statute was violated. EEO MD-110 at Ch. 9, § VI.A. (explaining that the *de novo* standard of review "requires that the Commission examine the record without regard to the factual and legal determinations of the previous decision maker," and that EEOC "review the documents, statements, and testimony of

3                                2020004706

record, including any timely and relevant submissions of the parties, and . . . issue its decision
based on the Commission's own assessment of the record and its interpretation of the law").

This Commission's regulations allow an AJ to issue a decision without a hearing upon finding
that there is no genuine issue of material fact. 29 C.F.R. § 1614.109(g). EEOC's decision
without a hearing regulation follows the summary judgment procedure from federal court. Fed.
R. Civ. P. 56. The U.S. Supreme Court held summary judgment is appropriate where a judge
determines no genuine issue of material fact exists under the legal and evidentiary standards.
See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). In ruling on a summary judgment
motion, the judge is to determine whether there are genuine issues for trial, as opposed to
weighing the evidence. See Id. at 249. At the summary judgment stage, the judge must believe
the non-moving party's evidence and must draw justifiable inferences in the non-moving party's
favor. See Id. at 255. A "genuine issue of fact" is one that a reasonable judge could find in favor
for the non-moving party. See Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Oliver v. Digital
Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988). A "material" fact has the potential to affect the
outcome of a case. An AJ may issue a decision without a hearing only after determining that the
record has been adequately developed. Petty v. Dep't of Def., EEOC Appeal No. 01A24206
(July 11, 2003).

We carefully reviewed the record and find that it is adequately developed. To successfully
oppose a decision without a hearing, Complainant must identify material facts of record that are
in dispute or present further material evidence establishing facts in dispute. Without a hearing,
an AJ cannot rule in favor of the Agency unless he ensures Complainant is given notice of the
motion for  decision without a hearing, a statement of allegedly undisputed material facts, a
chance to engage in meaningful discovery, and an opportunity to respond.   According to the
U.S. Supreme Court, if the party opposing summary judgment has not had the opportunity to
discover information essential to her opposition, then summary judgment is precluded. See
Anderson, 477 U.S. at 250. In the EEOC hearing context, this means that the AJ must enable the
parties to engage in sufficient discovery necessary to properly respond to any motion for a
decision without a hearing.

Here, we find the AJ appropriately issued a decision without a hearing. The record revealed
Complainant had notice of the Agency's motion, the Agency presented its version of the facts.
The AJ permitted Complainant ample discovery and the opportunity necessary to contest the
Agency motion. Finally, in issuing the decision without a hearing, we note that the AJ properly
drew justifiable inferences in Complainant's favor.

EEOC examines discrimination claims in accordance with the U.S. Supreme Court's three-part
test from McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). For Complainant to prevail,
she must first establish her prima facie case by presenting facts that reasonably give rise to the
inference of discrimination, i.e., that a prohibited consideration was a factor in the adverse
employment action. See Furnco Constr. Corp. v. Waters, 438 U.S. 567 (1978). The second
burden is for the Agency to articulate a legitimate and nondiscriminatory reason for its actions.
See Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981). If the Agency can

articulate a legally sufficient reason behind its actions, then the Complainant bears the burden of proving, by preponderance of the evidence, that those Agency reasons are pretext to mask any actual discriminatory motive.  At all times, Complainant must carry the burden of persuasion; she must prove, with preponderant evidence, Agency adverse actions were motivated by illegal animus against her protected characteristics.  See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993); U.S. Postal Serv. v. Aikens, 460 U.S. 711,715-716(1983).

Assuming, arguendo, that Complainant has made the prima facie case, we find the Agency articulated both legitimate and nondiscriminatory reasons for its adverse employment actions. Complainant has failed present persuasive evidence to establishes that those Agency's proffered reasons were unworthy of credence.

*Claim 1 — Removal*

The Officer-in-Charge (female, Caucasian, age 47), who interviewed and recommended Complainant's hire, was the same Officer-in-Charge that later recommended Complainant's removal. The Officer-in-Charge testified that it was Complainant who had requested the Agency GTC because she would otherwise be unable to afford travel to her initial training in Little Rock. The Officer-in-Charge stated she had instructed Complainant to use the GTC only for lodging. The Officer-in-Charge stated that, after Complainant attended the training, the Officer-in-Charge learned the Agency had "flagged" or questioned some sixteen transactions which Complainant had made using the GTC. Two of these sixteen questionable transactions had occurred on the day before and on the day after Complainant's authorized travel dates.  One of Complainant's GTC transactions indicated that she had improperly used the GTC in a different state (Oklahoma) which had no relation to the Agency-sponsored training that Complainant attended in Arkansas. After Complainant returned from initial training, the Officer-in-Charge described how, Complainant arrived approximately fifty minutes late for her first day of on-the-job training.  Complainant did not deny her tardiness, but merely stated that she had told the Agency she would be late because of a family emergency.  Based on these undisputed facts, we find the Agency's reason for Complainant's removal legitimate and non-discriminatory.  To the extent Complainant argued that certain management officials within the Agency had misused the GTC, we note that those officials were not proper comparators.  The named comparators were Postmasters who had a record of years of service with the Agency that warranted advancement, while Complainant's conduct occurred while she was still a probationary employee.

*Claim 2 — Post-Removal Non-Selections*

Following her removal from the Post Office in Jerusalem, Complainant applied for similar Arkansas vacancies at Wesley, Vilonia, Ratcliff, and Branch in Arkansas.  Complainant also applied for an entry-level vacancy Greenville, South Carolina. The Agency officials that considered her applications after removal provided legitimate and nondiscriminatory reasons for declining to select Complainant to fill available vacancies.  The Agency explained that Complainant was found unsuitable for all of the aforementioned positions.  In some cases, selection officials declined to hire Complainant after learning of her GTC misuse during her

5                                    2020004706

employment at the Jerusalem Post Office. Other selection-officials stated they were concerned that Complainant had expressed her intention to reside in communities that were inconveniently distanced from prospective workplaces. Moreover, Complainant did not indicate that if hired, then she would be willing to move closer to her duty station. Whether managers declined to hire Complainant based on reports of GTC-use or distance from possible employment locations, we find that such explanations are non-discriminatory.

In summary, our review of entire record found nothing to demonstrate the Agency was motivated by discriminatory animus. To the contrary, we find that Complainant failed to establish that she was discriminated against as alleged. Furthermore, Complainant failed to convince us that the Agency's rationale for removing and then not rehiring her was pretextual.

## CONCLUSION

Based on the foregoing in depth analysis of the entire record and all of Complainant's contentions on appeal, we AFFIRM the Agency's final order adopting the AJ's decision issued without a hearing finding no discrimination.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0920)

The Commission may, in its discretion, reconsider this appellate decision if Complainant or the Agency submits a written request that contains arguments or evidence that tend to establish that:

1.  The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.  The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests for reconsideration must be filed with EEOC's Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. If the party requesting reconsideration elects to file a statement or brief in support of the request, **that statement or brief must be filed together with the request for reconsideration**. A party shall have **twenty (20) calendar days** from receipt of another party's request for reconsideration within which to submit a brief or statement in opposition. 29 C.F.R. § 1614.405; EEO-MD-110 at Ch. 9 § VII.B.

Complainant should submit her request for reconsideration, and any statement or brief in support of her request, via the EEOC Public Portal, which can be found at: https://publicportal.eeoc.gov/Portal/Login.aspx

Alternatively, Complainant can submit her request and arguments to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, via regular mail addressed to P.O. Box 77960, Washington, DC 20013, or by certified mail addressed to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, a complainant's request to

6                                    2020004706

reconsider shall be deemed timely filed if OFO receives it by mail within five days of the expiration of the applicable filing period. 29 C.F.R. § 1614.604.

An agency's request for reconsideration must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). 29 C.F.R. § 1614.403(g). Either party's request and/or statement or brief in opposition must also include proof of service on the other party, unless Complainant files her request via the EEOC Public Portal, in which case no proof of service is required.

Failure to file within the 30-day time period will result in dismissal of the party's request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. **Any supporting documentation must be submitted together with the request for reconsideration.** The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint**.

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests.

7                                    2020004706

Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

April 28, 2021
Date